YATES, Judge,
concurring specially.
I write specially to note that I agree that the supreme court has not extended its caselaw to make service contracts subject to the insurance regulations. Also, the legislature does not require extended-service contracts, like the one in this case, to be regulated under our insurance laws.
I realize that the legislature did, in § 8-32-1 et seq., Ala.Code 1975, create a framework to regulate service contracts sold to consumers in this state after January 1, 1998. However, the legislature specifically excluded the following types of agreement from the coverage of that statute: (1) warranties; (2) maintenance agreements; (3) service contracts offered by utilities on their transmission devices; (4) service contracts sold to nonconsumers; (5) service contracts sold in commercial transactions; and (6) service contracts entered into at the point of sale or within 60 days thereof on personal property valued at less than $250. Mechanical breakdown insurance is excluded from coverage, by definition. Moreover, the legislature specifically stated in the Act that the service agreements that are subject to the Act, “are not insurance for any purpose including, without limitation, compliance with the Alabama Insurance Code.” § 8-32-l(d).
The Act does demand that both the provider of service contracts and the service contracts themselves meet certain requirements. The Act also regulates insurers who insure the performance of service contracts. The Act gives the commissioner of insurance powers to enforce it, e.g., the commissioner has the power to levy fines of up to $500 per violation and up to $10,000 for all violations of a “similar nature.” § 8 — 32—10(f). The commissioner may also seek an injunction to prohibit further violations of the Act. § 8-32-10(e).
I believe the legislature should consider amending the relevant statutes to bring automobile dealers offering extended-service contracts within the scope of state insurance regulators.
MONROE, J., concurs.